**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Michael Anthony Jones, | : | Case No. 3:10 CV 1173 |
| Petitioner, | : | |
| v. | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Robert Welch, | : | |
| Respondent. | : | |

Filed pursuant to 28 U.S.C. § 2254, this case was automatically referred to the undersigned Magistrate pursuant to Local Rule 72.2(b)(2).  Pending are (1) Petition for Writ or Habeas Corpus, Respondent's Return and Petitioner's Traverse and  (2) Petitioner's Motion for Order Directing Respondent to Produce Transcripts and Respondent's Opposition (Docket Nos. 1, 8, 9, 10, & 11).  For the reasons that follow, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus and Motion for Order Directing Respondent to Produce Transcripts.

### I.  FACTUAL BACKGROUND

This case is subject to the standards set forth in the ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Under AEDPA, the state court's factual findings are presumed correct and may be disturbed only upon a petitioner's showing by clear and convincing evidence that the factual findings were incorrect.  *Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir.

2008) *cert. denied,* 129 S. Ct. 2878 (2009) (*citing White v. Mitchell*, 431 F. 3d 517, 523-524 (6th Cir. 2005). The Court of Appeal s for the Sixth District, Lucas County, Ohio, made the following undisputed findings of facts that were relevant to the issues raised on appeal.

> During the early morning hours of January 13, 2007, the victim in this matter, an adult female, was assaulted while walking alone through a Toledo neighborhood. During the assault, the victim was cut along her jawline by a knife the assailant held to her neck. When the assailant fled, the victim called 9-1-1 for help. She was taken to the hospital where her injuries were treated. Approximately one month after the assault, the victim saw Petitioner at Toledo Municipal Court and recognized him as the man who had assaulted her. The victim contacted the investigating officer in her case, who then prepared a photo array from which she identified Petitioner as her assailant.

*State v. Jones*,

## II. PROCEDURAL BACKGROUND

On April 30, 2007, Petitioner was indicted for rape, kidnaping and felonious assault (Docket No. 8, Exhibit 5, pp. 1-3 of 140). The case was scheduled for trial on September 13 and October 17, 2007. Both times a mistrial was declared (Docket No. 8, Exhibit 5, pp. 5-6 of 140). A third trial was commenced on October 24, 2007. The jury found Petitioner not guilty of the charges of rape and kidnaping but guilty of felonious assault (Docket No. 8, Exhibit 5, pp. 7-9 of 140). On December 7, 2007, Judge J. Ronald Bowman imposed a sentence of seven years and three years of mandatory post release control (Docket No. 8, Exhibit, p. 10 of 140).

A notice of appeal was filed on January 2, 2008 (Docket No. 8, Exhibit 4, p. 14 of 140). Five assignments of error were presented to appellate court:

(1) The conviction on the charge of felonious assault was based on insufficient evidence.
(2) Petitioner's conviction on the charge of felonious assault was against the manifest weight of the evidence.
(3) The trial court erred when it denied Petitioner's motion for a directed verdict of acquittal.
(4) The trial court committed plain error when it failed to instruct the jury on the lessor included

2

    offense of assault and also when it failed to provide the jury with a definition of the word disfigurement in its instruction.

(5) Petitioner received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the U.S. Constitution and Section 10, Article I of the Ohio Constitution.

(Docket No. 8, Exhibit 5, p. 18 of 140 and Exhibit 9).

The judgment of the trial court was affirmed on December 11, 2009 (Docket No. 8, Exhibit 5, p. 74 of 140). The court also determined:

(1) The state presented sufficient evidence, when viewed in a light most favorable to the state, to convince a rational trier of fact that the force exerted against the victim caused serious physical harm.

(2) The court could not find that the jury lost its way or created a manifest miscarriage of justice by finding Petitioner guilty.

(3) In light of finding that sufficient evidence existed to find Petitioner guilty, the trial court did not err by denying a motion under CRIM. R. 29 for acquittal.

(4) Trial counsel made a deliberate tactical decision to refrain from seeking an instruction on a lessor included offense.

(5) Trial counsel did not request that a definition for disfigurement be given in the instruction. The trial court did not commit error by failing to provide such definition.

(6) Petitioner failed to demonstrate ineffective assistance of counsel.

(Docket No. 8, Exhibit 5, pp. 74-85 of 140).

Petitioner filed a notice of appeal in the Ohio Supreme Court on January 21, 2010 (Docket No. 8, Exhibit 5, p. 86 of 140).

In the Memorandum in Support of Jurisdiction, Petitioner asserted the following assignments of error:

(1) Petitioner was deprived of due process of law and a fundamentally fair trial where insufficient evidence was presented to convict him on the offense of felonious assault.

(2) Petitioner's conviction was against the manifest weight of the evidence, thereby implicating

       due process.

(3)     Petitioner was denied due process when the motion for directed verdict was denied.

(4)     Petitioner was deprived of due process and fundamental fairness when the court failed to instruct the jury on the lessor included offense of assault and failed to provide the jury with the definition of the word disfigurement.

(5)     Petitioner was deprived of the effective assistance of counsel.

(6)     Petitioner was deprived of the effective assistance of appellate counsel.

(Docket No. 8, Exhibit 5, p. 89-90 of 140).

Upon consideration of the jurisdictional memoranda, Acting Chief Justice Paul E. Pfeifer denied Petitioner leave to appeal and dismissed the appeal as not having any substantial constitutional question (Docket No. 8, Exhibit 5, p. 113 of 140).

In May 2010, Petitioner filed a Petition Under 28 U. S. C. § 2254 for Writ of Habeas Corpus (Docket No. 1). Petitioner asserted five grounds for habeas relief.

(1).     Petitioner's convictions were based on insufficient evidence

(2)     Petitioner's conviction was against the manifest weight of the evidence.

.     (3).     Petitioner was deprived of both procedural and substantive due process when the trial court denied his properly filed motion for acquittal.

(4).     Petitioner was deprived of due process of law when the trial court failed to instruct the jury of a lessor included offense of assault.

(5)     Petitioner was deprived of the effective assistance of counsel at trial.

(6)     Petitioner was deprived of the effective assistance of counsel on appeal.

(Docket No. 1).

### III. JURISDICTION

A federal court has jurisdiction to entertain a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Sanborn v. Parker,* 629 F.3d 554, 564 (6th Cir. 2010)

(*citing* 28 U.S.C. § 2254(a)). The custody requirement of a habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. *Leslie v. Randle*, 296 F. 3d 518, 521 (6th Cir. 2002). The Supreme Court has interpreted the statutory language as requiring that the habeas petitioner be in custody under the conviction or sentence under attack at the time his or her petition is filed. *Id.* at 521-522 (*citing Maleng v. Cook*, 109 S. Ct. 1923, 1924-1925 (1989)).

In the instant case, Petitioner is in the custody of the Toledo Correctional Institution in Toledo, Ohio. The restraint on his liberty is a collateral consequence of his conviction sufficient to satisfy the "in custody" prerequisite to habeas corpus review. He is seeking relief from his conviction under the Fourth and Sixth Amendments to the United States Constitution. The Magistrate finds Petitioner has met the prerequisites and that this Court has jurisdiction to address the merits of Petitioner's Writ of Habeas Corpus.

### IV. MOTION FOR ORDER DIRECTING RESPONDENT TO PRODUCE TRANSCRIPTS.

Petitioner suggests that disposition of this case be stayed pending the production of the transcripts from his first and second trials that resulted in a mistrial.

Under Rule 5(C) of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURT, the respondent **must** attach to the answer parts of the transcript that the respondent considers relevant. Petitioner is not entitled to a transcribed state record that is not relevant to these proceedings at Respondent's expense. The Magistrate recommends that the Court deny this Motion.

### V. PROCEDURAL ANALYSIS OF PETITIONER'S HABEAS PETITION.

Two types of procedural failures may preclude federal review of claims in a habeas corpus petition. *Smith v. Hudson*, 2009 WL 3052354, *5 (N. D. Ohio 2009). The first type occurs when a petitioner fails to raise a claim in state court and pursue that claim through the state's "ordinary appellate review

procedures." *Id.* (*citing O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1734 (1999). If state law no longer allows the petitioner to raise the claim at the time the federal habeas petition is filed, then the claim is procedurally defaulted. *Id.* (*citing Engle v. Isaac,* 102 S. Ct. 1558, 1570 n. 28 (1982); *see also Coleman v. Thompson*, 111 S. Ct. 2546, 2554 (1991)). The exhaustion requirement only refers to remedies still available at the time of the federal petition. *Id.* (*citing Engle,* 102 S. Ct. at 1570 n. 28).

Here, Petitioner raised all of the claims asserted in the Petition for Habeas Review through the ordinary appellate review procedures. Petitioner has satisfied the exhaustion requirements. All of his claims are subject to habeas review.

## VI. HABEAS CORPUS STANDARD OF REVIEW.

Under AEDPA, a federal court may not grant a writ of habeas corpus to a state prisoner with respect to any claim adjudicated on the merits unless (1) the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," *Thompson v. Bell,* 580 F.3d 423, 433(6th Cir. 2009) (*citing* 28 U.S.C. § 2254(d)(1), or (2) the state court's decision "was based on an unreasonable application of the facts in light of the evidence presented in the State court proceedings." *Id.* at 433-434 (*citing* 28 U. S. C. § 2254(d)(2)). A state court's decision is "contrary to" clearly established federal law under § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* (*citing Williams v. Taylor,* 120 S. Ct. 1495, 1523 (2000)). An "unreasonable application" occurs when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state court decision unreasonable "simply because that court concludes in its independent judgment that the

6

relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* (*citing Williams*, 120 S. Ct. at 1522).  Rather, the state court decision must be an "objectively unreasonable" application of federal law to be reversed.  *Id.* (*citing Williams*, 120 S. Ct. at 1521).

Discussion.

### A.  CLAIM ONE:  INSUFFICIENT EVIDENCE.

Petitioner alleges that his conviction was based on insufficient evidence.

An allegation that the verdict was entered upon insufficient evidence states a claim under the due process clause of the Fourteenth Amendment to the United States Constitution.  *Graves v. Smith,* 2010 WL 2802678, *11 (N. D. Ohio 2010) (*citing Jackson v. Virginia,* 99 S.Ct. 2781 (1979), *reh'g denied,* 100 S.Ct. 195 (1979), *and In re Winship,*, 90 S.Ct. 1068 (1970)).  In assessing the sufficiency of the evidence, the court does not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury.  *Id.* (internal citation omitted).

A conviction is supported by sufficient evidence if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Sanborn v. Parker,* 629 F.3d 554, 577 (6th Cir. 2010) (*citing Jackson v. Virginia,* 99 S. Ct. 2781, 2788-2789 (1979)).  The court conducting habeas review must also review the claim of whether a claim is supported by sufficient evidence through the lens of AEDPA; thus the question that faces the court is ultimately whether it was objectively unreasonable for the state court to conclude that a rational trier of fact, after viewing the evidence in the light most favorable to the state, could have found that a defendant committed the essential elements of the crime charged beyond a reasonable doubt.  *Id.* (*citing Pinchon v. Myers,* 615 F.3d, 631, 643 (6th Cir. 2010) (*quoting Nash v. Eberlin,* 258 Fed.Appx. 761, 765 (6th Cir. 2007) (first, second, and fourth alterations in *Pinchon*)).

7

In the instant case, Petitioner's sole contention is that the state court's adjudication was simply unreasonable. However, upon conducting an independent review of the transcript, the Magistrate concludes that there was sufficient evidence to convict Petitioner of felonious assault. The victim had one lung and her right ear had no eardrum. She had a history of convictions and she had engaged in prostitution (Docket No. 8, Exhibit 6, pp. 141-145, 226 -231 of 285). The victim gave compelling testimony that Petitioner forced her with a knife into an alley where he then forced her to engage in sexual conduct (Docket No. 8, Exhibit 6, pp. 150-155 of 285). The victim underwent medical treatment for bruises, cuts and vaginal redness and abrasions (Docket No. 159-160; 240-242 of 285). Her testimony was supplemented by images taken by hospital personnel of a cut close in proximity to the carotid artery caused by a knife to Petitioner's face. The victim also sustained two linear lacerations on the left side of her jaw. The wound was closed with skin glue (Docket No. 8, Exhibit 6, pp. 233-234). The victim alleges that Petitioner also cut the her forearm and  cheek. Several times during her testimony, she identified Petitioner as her attacker (Docket No. 8, Exhibit 6, p. 178-179 of 285, 181 of 285, 187 of 285).

Petitioner was acquitted of rape and kidnaping. However, the testimony weighed heavily in favor of a conviction for felonious assault. A rational trier of fact could conclude from this evidence that Petitioner willfully inflicted injury upon the victim's person. Petitioner is not entitled to habeas relief on his claim of insufficient evidence.

### B.    CLAIM TWO:        MANIFEST WEIGHT OF THE EVIDENCE.

Petitioner claimed that it is impossible to sustain a conviction on the testimony of a "practicing prostitute" and a chronic crack addict who admitted using crack on the day of the incident. Moreover, Petitioner claims that the victim  did not sustain life threatening injuries which warranted stitches, pain medication or follow-up treatment Further, he claims that. Her testimony lacked trustworthiness that she

was ever assaulted. Petitioner contends therefore, that the jury's verdict that Petitioner assaulted the alleged victim is against the manifest weight of the evidence.

A federal court reviewing a petition for a writ of habeas corpus has no authority to re-weigh the credibility of witnesses at trial. *Brown v. Hudson* 2008 WL 5869070, 4 (N. D. Ohio 2008) (*citing Marshall v. Lonberger,* 103 S.Ct. 843 (1983)). The District Court is incapable, therefore, of determining whether a conviction was against the manifest weight of the evidence. *Id.* It may only determine whether a conviction was based on *sufficient* evidence. *Id.*

Petitioner's claim that his conviction was against the manifest weight of the evidence is not cognizable in this federal habeas corpus. For this reason the Magistrate recommends that the Court dismiss this claim for relief.

  C.  **DENIAL OF DIRECTED VERDICT OF ACQUITTAL.**

Petitioner contends that the courts erred in failing to grant his motion for acquittal under OHIO CRIM. R. 29.

A claim that the trial court improperly denied a motion for judgment of acquittal pursuant to Ohio Crim. R. 29 presents an issue of state law that is not appropriate for federal habeas corpus review. *Hillman v. Warden, Chillicothe Correctional Institution*, 2009 WL 3126606, *20 (S. D. Ohio 2009). A federal court may review a state prisoner's habeas corpus petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. *Id.* (*citing* 28 U.S.C. § 2254(a)). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Id.* (*citing Pulley v. Harris,* 104 S.Ct. 871 (1984); *Smith v. Sowders,* 848 F.2d 735, 738 (6th Cir. 1988)). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Id.* (*citing Allen v. Morris,* 845 F.2d 610, 614 (6th Cir. 1988)). " '[F]ederal courts

must defer to a state court's interpretation of its own rules of evidence and procedure' " in considering a habeas petition. *Id.* (*quoting Machin v. Wainwright,* 758 F.2d 1431, 1433 (11th Cir. 1985)).

To the extent that this claim reiterates that the evidence was constitutionally insufficient to sustain his conviction, such claim has already been addressed. To the extent that Petitioner requests that this Court second-guess the state's application of its own laws, such claim is not appropriate for habeas review. In both cases, Petitioner fails to present an error of constitutional magnitude that would warrant habeas corpus review.

    **D.**    **ERROR IN JURY INSTRUCTIONS**.

Petitioner claims that the jury instructions were flawed as they did not include the lessor offense of assault. Consequently, he was deprived of due process of law.

It is well established in Ohio that a criminal defendant is entitled to a jury instruction on a lesser included offense "only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." *State v. Thomas*, 40 Ohio St.3d 213, 216 (1988). Felonious assault is defined as knowingly causing serious physical harm to another. OHIO REV. CODE § 2903.11 (A) (1) Thomson Reuters 2011). The prosecution of felonious assault is governed by OHIO REV. CODE § 2903.11. Assault is defined as knowingly causing physical harm to another. An assault, which is governed by OHIO REV. CODE § 2903.13, is a lesser included offense of felonious assault. OHIO REV. CODE § 2901.01(A)(3) defines physical harm as, *inter alia*, any injury, regardless of its gravity or duration. OHIO REV. CODE § 2901.01(A)(5) defines serious physical harm as, *inter alia*, "any physical harm that involves some temporary serious disfigurement or any degree of prolonged or intractable pain ."

Reviewing the facts of this case, the Magistrate concludes that the trier of facts could have found that Petitioner inflicted serious harm upon the victim. There was uncontroverted evidence that the victim's

injuries included a cut on the neck, a cut to the forearm and trauma to the vagina. The victim was treated at the hospital for the cuts. She showed the jurors the scar left by the cut to her neck. The evidence presented would not support an acquittal on the crime of felonious assault. Accordingly, the trial court did not err by failing to give an instruction on assault.

  **E.**  **INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.**

Petitioner contends that trial counsel's representation was prejudicially deficient because he failed to request a jury instruction of the lessor included offense of assault and he failed to request an instruction on the word disfigurement.

Ineffective assistance of counsel claims are adjudicated under standards set forth by the United States Supreme Court in *Strickland v. Washington*, 104 S. Ct. 2052 (1984). *Jackson v. Anderson,* 141 F. Supp. 2d 811, 857 (N. D. Ohio 2001). When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness and prejudice. *Id.* (*citing Strickland,* 104 S.Ct. at 2064). Courts presume that an attorney is competent and the burden resets with the defendant to show a constitutional violation. *Id.* (*citing United States v. Pierce*, 62 F. 3d 818, 833 (6th Cir. 1995) *cert. denied,* 116 S. Ct. 964 (1996)). A strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* (*see O'Hara v. Wigginton*, 24 F. 3d 823, 828 (6th Cir. 1994)).

In Ohio the failure to request instructions of lessor included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St. 2d 45, 402 N. E. 2d 1189 (1980) *cert. denied*, 101 S. Ct. 227 (1980). Petitioner's first assertion is not sufficient to overcome the presumptions that counsel was competent and that the decision to refrain from requesting a jury instruction on a lessor included offense was a matter of trial strategy. Petitioner was not entitled to a jury instruction

11

on a lesser included offense as the evidence presented did reasonably support an acquittal on the felonious assault charge. Trial counsel's performance cannot be considered deficient for complying with the procedural rules.

Petitioner also argues that trial counsel was deficient for failing to instruct the jury on the meaning of "disfigurement." Without the definition, the jury had unfettered authority to equate a superficial scratch with permanent disfigurement. In closing, trial counsel defined the parameters of permanent disfigurement or some temporary serious disfigurement. Petitioner has not shown with reasonable probability that he was prejudiced by counsel's failure to define the term. Neither has Petitioner shown that the failure to define disfigurement was part of a legitimate trial tactic. The Magistrate finds that trial counsel's act of defining the parameters of the term was a legitimate trial tactic. His behavior lies within the wide range of reasonable professional assistance and does not meet the definition of a deficient performance. Thus, Petitioner's claim of deficient performance by trial counsel lacks merit.

F.     **INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL**.

Finally, Petitioner claims that he was denied the effective assistance of appellate counsel because appellate counsel failed to raise the foregoing issues on the direct appeal challenging:

- Petitioner's sentence and the imposition,
- the absence of the weapon used to inflict injury,
- whether the victim's wounds were self-inflicted,
- the victim's lack of credibility,
- that the sentence was disproportionate in light of the facts,
- prosecutorial misconduct and malicious prosecution,
- a challenge to the evidence from "Pastor Victor Williams."

On an appeal of right, a criminal defendant is entitled to effective assistance of appellate counsel.

*Evans v. Hudson*, 575 F.3d 560, 564 (6th Cir. 2009) (*citing Mahdi v. Bagley,* 522 F.3d 631, 636 (6th Cir.2008)).  Claims of ineffective assistance of appellate counsel are subject to the *Strickland* test, which requires a defendant to show both deficient representation and prejudice.  *Id.*  To meet this burden, the petitioner must show that the performance of counsel fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* (*citing Burton v. Renico,* 391 F.3d 764, 773 (6th Cir. 2004) (internal quotation marks omitted); *see also Maples v. Stegall,* 340 F.3d 433, 437 (6th Cir. 2003)).  When evaluating the issue of ineffective assistance of appellate counsel, the court must review the appellate proceedings to determine whether prejudice is shown.  *Id.* (*citing Mapes v. Tate,* 388 F.3d 187, 194 (6th Cir. 2004) (noting that prejudice is shown if "there is 'a reasonable probability that, but for his counsel's [failings] ..., [the defendant] would have prevailed on his appeal' ") (alterations in original) (*quoting Smith v. Robbins,* 120 S.Ct. 746, 764 (2000)).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 564-565 (*citing Burton,* 391 F.3d at 773 (internal quotation marks omitted); *Maples,* 340 F.3d at 437).

A criminal defendant has no constitutional right to demand that appellate counsel raise every possible colorable issue or press nonfrivolous points on appeal.  *Jones v. Barnes,*103 S.Ct. 3308, 3312 (1983)).  The process of winnowing out weaker arguments and focusing on those arguments on which the appellant will prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.  *Smith v. Murray*,106 S.Ct. 2661, 2667 (1986) (*quoting Jones, supra*, 103 S.Ct. at 3312-3313).  Every effort should be made to eliminate the distorting effect of hindsight, to reconstruct the circumstances of the counsel's challenged conduct and to evaluate the conduct from counsel's perspective at the time.  *Id.* (*citing United States v. Cronic*, 104 S. Ct. 2039, 2065 (1984)).

13

First, Petitioner contends that appellate counsel failed to raise any challenge to Petitioner's sentence and its disproportionateness and the imposition of post-release control.

Felonious assault is a felony of the second degree. Pursuant to OHIO REV. CODE § 2929.14, the court shall impose a definite prison term that shall be two, three, four, five, six, seven and eight years. Conviction of a second-degree felonious assault, requires the imposition of a mandatory three year post-release control under OHIO REV. CODE § 2967.28(B)(2). The trial judge imposed a sentence of seven years and three years of post release control (Docket No. 8, Exhibit 8, pp. 10-11 of 18). He was not required to conduct judicial fact finding to justify whether the sentence was disproportionate in light of the facts. Appellate counsel's failure to raise this issue on appeal was effective appellate advocacy as it was improbable that Petitioner would prevail on this issue.

Second, Petitioner contends that appellate counsel failed to advance an argument that the knife was never found. Petitioner's argument assumes that because there was no knife presented at trial, the jury should not believe that the victim suffered serious physical harm. This assumption is unwarranted since the victim testified that Petitioner forcibly dragged her to the alley and placed a knife at her neck. The cuts were corroborated by photographs taken at the hospital. The victim suffered physical harm even though the jury did not see the knife. Because she identified Petitioner, described the attack in detail and presented evidence of injury, there was sufficient evidence to support a conviction of felonious assault without the knife. The Magistrate does not find that appellate counsel was ineffective for not presenting this speculative theory.

In his third claim, Petitioner contends that appellate counsel failed to claim that the victim's wounds were self-inflicted. Petitioner offers no independent ground for asserting this opinion. There can be no constitutional deficiency for appellate counsel's failure to raise issues that were not preserved during the underlying trial.

Fourth, Petitioner alleges that appellate counsel failed to advance that the victim lacked credibility. Attacks were clearly made on the victim's credibility. The jurors were properly instructed as to its role in assessing witness credibility. The appellate court could not invade the province of the jury as the finder of credibility. There is no deficient representation by appellate counsel for failing to raise an issue that was not subject to appellate court review.

Fifth, Petitioner contends that appellate counsel failed to advance an argument of prosecutorial misconduct and malicious prosecution. In order to prevail on a claim of prosecutorial misconduct, a general demonstration that the statements "so infected the trial with unfairness as to make the resulting conviction a denial of due process" is required. *Abela v. Martin,* 380 F.3d 915, 929 (6th Cir. 2004) (*citing Donnelly v. DeChristoforo,* 94 S.Ct. 1868, 1871 (1974)). At a minimum, Petitioner has failed to present evidence or direct the Court's attention to remarks or misconduct by the prosecutor. There is no constitutional deficiency for appellate counsel's failure to assert specious arguments.

Assuming *arguendo* that appellate counsel could have presented a claim for the tort of malicious criminal prosecution for the first time to the appellate court, such claim would have been dismissed. The elements of the tort of malicious criminal prosecution are (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused. *Trussell v. General Motors Corporation*, 53 Ohio St.3d 142, 559 N.E.2d 732, syllabus (1990). Petitioner's prosecution did not terminate in his favor; thus, he is unable to meet the requisite elements of a claim for malicious prosecution.

Finally, Petitioner contends that appellate counsel failed to raise a comprehensive evidentiary challenge with respect to the evidence from "Pastor Victor Williams." The Magistrate finds that Pastor Victor Williams did not testify. However, the testimony of Pastor Victor Reed strongly supported

15

Petitioner's claim that he and the victim engaged in consensual sex (Docket No. 8, Exhibit 7, p.62- 64,66 of 234). In fact, Rev. Reed's testimony was exculpatory and diminished the state's case with respect to elements of the offense of rape and whether the victim resisted or consented. Such testimony apparently had a positive impact on the jurors as they acquitted Petitioner of the rape charge. It is improbable that competent appellate counsel would raise an issue regarding the quality of Pastor Reed's testimony on appeal.

## VII. CONCLUSION

In view of the foregoing, the Magistrate Judge recommends that the Court deny the Petition for Writ of Habeas Corpus, deny Petitioner's Motion for Order Directing Respondent to Produce Transcripts and terminate the referral to the undersigned Magistrate Judge.

Ds/Vernelis K. Armstrong
United States Magistrate Judge

Date: April 25, 2011

## VIII. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of

subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.