IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Michael Anthony Jones, | Case No. 3:10 CV 1173 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | |
| Robert Welch, Warden, | JUDGE JACK ZOUHARY |
| Respondent. | |

## INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R&R") (Doc. No. 13) of Magistrate Judge Armstrong pursuant to Local Rule 72.2(b)(2). *Pro se* Petitioner Michael Jones filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Respondent Robert Welch filed a Return of Writ (Doc. No. 8), to which Petitioner filed a Response (Doc. No. 9). Petitioner also filed a Motion for Order Directing Respondent to Produce Transcripts (Doc. No. 10), which Respondent opposed (Doc. No. 11).

The Magistrate recommends both Petitioner's Motion and Petition be denied. This Court entered a Judgement Entry adopting the R&R (Doc. No. 14). Petitioner filed a Motion for Reconsideration (Doc. No. 16), arguing he never received a copy of the R&R. This Court granted Petitioner's Motion (Doc. No. 17), and Petitioner subsequently filed an Objection (Doc. No. 18) to the R & R. Pursuant to *Hill v. Duriron* Co., 656 F.2d 1208 (6th Cir.1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings and now adopts the Magistrate's recommendations.

**BACKGROUND**

The R&R accurately reflects the factual and procedural background, to which Petitioner does not object, and this Court adopts the record summary in its entirety. Briefly, in April 2007, Petitioner was indicted for rape, kidnapping and felonious assault (Doc. No. 8-5 at 2–3). The case went to trial in September 2007 and again in mid-October 2007. Both times the court declared a mistrial (Doc. No. 8-5 at 5–6). The final trial began on October 24, 2007. Petitioner was found guilty of felonious assault and not guilty of the rape and kidnapping charges (Doc. No. 8-5 at 7–9). The court sentenced Petitioner to seven years imprisonment and three years of mandatory post-release control (Doc. No. 8-5 at 10). Petitioner appealed (Doc. No. 8-5 at 14) and the state court of appeals affirmed (Doc. No. 8-5 at 84). *See State v. Jones*, 2009 Ohio 6501 (Ohio Ct. App. 2009). Petitioner sought review by the Ohio Supreme Court, which rejected Petitioner's request (Doc. No. 8-5 at 113).

**STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d)(1), provides a writ of habeas corpus may not issue unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." A federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether the state adjudication was "objectively unreasonable," and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409–11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

2

A state court's findings of fact are presumed correct, though Petitioner may rebut those findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also, McAdoo v. Elo,* 365 F.3d 487, 493–494 (6th Cir. 2004). A district court judge "shall make a *de novo* determination of those portions of the [magistrate's] report or specified proposed findings or recommendations to which [Petitioner objects]. [The judge] may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

## DISCUSSION

### Objection No. 1 -- Motion to Produce Transcripts from Mistrials

Petitioner asks this Court to allow Petitioner to conduct preliminary discovery and to require Respondent to produce, at its own expense, the court transcripts from his first and second trials (Doc. No. 10). Petitioner argues these transcripts are relevant to his current habeas corpus proceedings. Specifically, he argues the testimony the victim gave in the earlier trials will allow this Court to evaluate his "actual innocence claim" and "to review the incorrect facts that the Magistrate [relied] upon" (Doc. No. 18 at 4). Petitioner, however, has not demonstrated that the transcripts from his first and second trials are material to his claims here, which are based upon the results of his third trial. While this Court disagrees with the Magistrate's reasoning, this Court agrees with the Magistrate's conclusion that the Petitioner is not entitled to the transcripts he requests.

The R&R cites Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Court, which states the respondent "must attach to the answer parts of the transcript that the respondent considers relevant." While the principle the Magistrate cites is correct, it is not applicable here. Petitioner filed a Motion for Preliminary Discovery (Doc. No. 10) in an attempt to obtain documents outside of the record upon which Petitioner was convicted at trial. Petitioner's request

3

instead must be evaluated under the standards set forth in Rule 6 of the Rules Governing Section 2254 Cases.

Under Rule 6, a judge may, for good cause, grant a party's request for discovery; the party requesting discovery must provide reasons for the request. Rule 6(a)–(b), 28 U.S.C. foll. § 2255. The party requesting discovery bears the "burden of demonstrating the materiality of information requested." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied*, 537 U.S. 831 (2002).

Petitioner claims the transcripts from the two mistrials are "high[ly] probative with substantial exculpatory and impeachment value" and "irrefutably show[]" the victim's testimony at the third trial "was inherently impeached at the prior proceedings" (Doc. No. 10 at 1–2). The discovery Petitioner seeks, however, "would not resolve any factual disputes that could entitle him to relief, even if the facts were found in his favor." *Sellers v. U.S.*, 316 F. Supp. 2d 516, 523 (E.D. Mich. 2004). As this Court concludes below, the evidence at trial was sufficient to support the jury's verdict, and the facts Petitioner claims the earlier transcripts contain would not upset this conclusion. Petitioner's conclusory statements fail to carry his "burden of demonstrating the materiality" of the information he requests. *Stanford*, 266 F.3d at 460. Therefore, this Court rejects Petitioner's First Objection and adopts the Magistrate's recommendation to deny Petitioner's Motion for Preliminary Discovery.

**Objection No. 2 -- Insufficient Evidence**

Petitioner next objects to the Magistrate's conclusion there was sufficient evidence to support his felonious assault conviction, which required the State to prove Petitioner "knowingly . . . [c]ause[d] serious physical harm to another." O.R.C. § 2903.11(A)(1). In reviewing the sufficiency of the evidence to determine whether a petitioner is entitled to habeas relief, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier

4

of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also United States v. Strong*, 702 F.2d 97, 99–100 (6th Cir.1983) (on appeal, the standard of review is whether a reasonable jury could accept the relevant evidence "as adequate and sufficient to support the conclusion of guilt beyond a reasonable doubt").

This Court, however, "must also review [Petitioner's] claim through the lens of AEDPA; thus the question that faces [the Court] is ultimately whether 'it was objectively unreasonable for the [state court] to conclude that a rational trier of fact, after viewing the evidence in the light most favorable to the [S]tate, could have found that [Petitioner] committed the essential elements of [the crime charged] beyond a reasonable doubt.'" *Sanborn v. Parker*, 629 F.3d 554, 577 (6th Cir. 2010) (quoting *Pinchon v. Myers*, 615 F.3d 631, 643 (6th Cir. 2010)).

Petitioner first contends that when the Magistrate described the victim as having "one lung and her right ear had no eardrum," (Doc. No. 13 at 8), she incorrectly found that Petitioner caused these injuries. This Court reads the Magistrate's statement as a physical description of the victim, however, rather than a description of the injuries Petitioner caused. The victim testified that doctors removed her lung due to pneumonia and she had an "eardrum mastoid," which made it hard for her to hear (Doc. No. 8-6 at 141–42). Furthermore, the R&R relies on those injuries the victim testified Petitioner caused, which had nothing to do with her lung or eardrum. Contrary to his claim, Petitioner was not prejudiced by the Magistrate's description of the victim.

Petitioner also claims the Magistrate incorrectly concluded the victim gave "compelling" testimony that the "Petitioner forced her with a knife into an alley where he then forced her to engage in sexual conduct" (Doc. No. 13 at 8). Petitioner states the Magistrate should not rely on this

testimony because he was acquitted of rape and kidnapping charges, and therefore the testimony cannot be compelling.

This Court agrees with the Magistrate that Petitioner is not entitled to habeas relief on his claim of insufficient evidence. To the extent Petitioner argues the victim's testimony was unreliable, this argument has no merit. Federal habeas courts are not free "to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *see also U.S. v. Reid*, 357 F.3d 574, 582 (6th Cir. 2004).

Furthermore, the State presented sufficient evidence to convict Petitioner of felonious assault. The State was required to prove Petitioner caused "serious physical harm" to the victim, which includes "[a]ny physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement" as well as "[a]ny physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." O.R.C. § 2901.01(A)(5)(d)–(e). Ohio appellate courts have held that "[w]here injuries are serious enough to cause [a victim] to seek medical treatment, the finder of fact may reasonably infer that the force exerted on the victim caused serious physical harm as defined by R.C. 2901.01(A)(5)." *Jones*, 2009 Ohio 6501, at ¶ 26 (quoting *State v. Lee*, 2008 Ohio 253, at ¶ 30 (Ohio Ct. App. 2008)).

Here, the victim testified Petitioner had a knife (Doc. No. 8-6 at 150, 160), and he cut her cheek and neck. She also testified she received several injuries including a cut to her face, bruises and vaginal injury (Doc. No. 8-6 at 159–160), and she received medical treatment for all these injuries (Doc. No. 8–6 at 233–234 and 240–242). The Magistrate explicitly states the victim's testimony "was supplemented by images taken by hospital personnel of a cut close in proximity to the carotid artery caused by a knife to [the victim's] face. The victim also sustained two linear lacerations on the left

6

side of her jaw" (Doc. No. 13 at 8). Although a jury found the evidence insufficient to convict Petitioner of rape and kidnapping, it was sufficient for a jury to find Petitioner knowingly caused serious physical harm to the victim. This Court cannot say it was objectively unreasonable for the state court to hold that a rational trier of fact, after viewing the evidence in the light most favorable to the State, could have concluded Petitioner committed the essential elements of the crime beyond a reasonable doubt. *See Sanborn v. Parker*, 629 F.3d at 577. This Court rejects Petitioner's Second Objection and adopts the Magistrate's conclusion that there is sufficient evidence to support Petitioner's felonious assault conviction.

**Petitioner's Remaining Objections**

With respect to Petitioner's other claims, the Magistrate made the following findings:

- Petitioner's manifest weight of the evidence claim is not cognizable in this federal habeas corpus because this Court is not entitled to re-weigh the credibility of the victim (Doc. No. 13 at 8–9);

- Petitioner's claim that the state court improperly denied his motion for acquittal under Ohio Criminal Rule 29 is an issue of state law not appropriate for federal habeas review (Doc. No. 13 at 9–10);

- The jury instructions at Petitioner's trial were not flawed because the evidence introduced would not reasonably support both an acquittal of the felonious assault charge and a conviction of assault (Doc. No. 13 at 10–11);

- Petitioner's trial counsel was not ineffective when counsel did not request jury instructions on the lesser included offense of assault and the word "disfigurement" (Doc. No. 13 at 11–12); and

- Petitioner's appellate counsel was not ineffective (Doc. No. 13 at 12–14).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Com'n*, 834 F.2d 419, 421 (5th Cir. 1987). Any party objecting to the Magistrate's proposed findings

7

must "specifically identify the portions of the proposed findings, recommendations, or report to which objection is made *and the basis for such objections*." N.D. Ohio L.R. 72.3(b) (emphasis added).

Petitioner's remaining objections appear to simply restate his original arguments, the merits of which the Magistrate previously addressed. Petitioner, in expressing his disagreement with the R&R, merely rehashes and reasserts arguments the Magistrate considered and rejected. Petitioner's objections are without merit. Thus, this Court rejects Petitioner's remaining objections and adopts the Magistrate's conclusions regarding those issues.

## CONCLUSION

For the foregoing reasons, this Court adopts the Magistrate's recommendations and the Petition is denied. Furthermore, pursuant to 28 U.S.C. §§ 1915(a) and 2253(c), this Court certifies an appeal of this action could not be taken in good faith and declines to issue a certificate of appealability.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 22, 2011